# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING FORMER VICE PRESIDENT MIKE PENCE | Case: 1:23–mc–00035<br>Assigned To : Boasberg, James E.<br>Assign. Date : 3/30/2023<br>Description: Misc.<br><br>Case No. _____<br><br>Chief Judge James E. Boasberg<br><br>Hearing Requested |

### PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING FORMER VICE PRESIDENT MIKE PENCE

Pursuant to Local Criminal Rules 57.6 and 6.1, American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., Cable News Network, Inc., CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Los Angeles Times Communications LLC, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, and WP Company LLC d/b/a The Washington Post (together, the "Press Coalition") respectfully move the Court for access to certain judicial records ancillary to the grand jury investigation(s) into the 2020 presidential election and the January 6, 2021 certification of that election's results.

The Press Coalition seeks access to all judicial records pertaining to the Government's motion to compel former Vice President Mike Pence to comply with a subpoena that he received on or around February 9, 2023, calling for his testimony before the grand jury. The former Vice President has publicly acknowledged that he was subpoenaed by the grand jury, that the Government filed a motion to enforce the subpoena, that he objected to testifying pursuant to the Speech or Debate Clause of the Constitution, that the Court has rejected his arguments and compelled his testimony, and that he is contemplating whether to appeal that ruling. *See, e.g.*, Brittany Shepherd, *Pence says 'nothing to hide' from grand jury in Trump Jan. 6 probe*,


RECEIVED
MAR 30 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

ABC News (Mar. 29, 2023), https://abcnews.go.com/Politics/hide-pence-weighs-appeal-trump-probe-order/story?id=98207379.

While Federal Rule of Criminal Procedure 6(e) ordinarily restricts disclosure of "a matter occurring before the grand jury," Local Criminal Rule 6.1 provides for the filing under seal of all motions and associated papers and orders prepared "in connection with a grand jury subpoena or other matter occurring before a grand jury." Pence's acknowledgment of these unprecedented and historic proceedings warrant the unsealing of these judicial records. Indeed, the Local Rule provides for this precise circumstance, authorizing that such proceedings "may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury."

As then-Chief Judge Howell recognized last month, the Government has officially acknowledged the existence of this extraordinary grand jury investigation into "interference with the results of the 2020 presidential election." *In re New York Times Co.*, No. 22-mc-100 (BAH), 2023 WL 2185826, at *15 (D.D.C. Feb. 23, 2023). Pence, in turn, has "virtually proclaimed from the rooftops" that he has "been subpoenaed to testify before [that] grand jury." *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 505 (D.C. Cir. 1998). In these circumstances, continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury. The Court should therefore provide access to these judicial records with only those narrow redactions necessary to shield whatever factual material, if any, might still require protection from disclosure under Federal Criminal Rule 6(e) and Local Criminal Rule 6.1.

For the reasons set forth more fully in the accompanying Memorandum of Points and Authorities, the Press Coalition respectfully requests that the Court grant this application and unseal the requested materials. The Press Coalition further requests a hearing on this application,

and given the D.C. Circuit's recognition of "the critical importance of *contemporaneous* access to [judicial records] to the public's role as overseer of the criminal justice process," *see Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991), the Press Coalition respectfully requests that the Court address this application in an expedited manner.

Dated:  March 30, 2023 Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Chad R. Bowman (#484150)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
bowmanchad@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING FORMER VICE PRESIDENT MIKE PENCE | Case No. _____<br><br>Chief Judge James E. Boasberg<br><br>Hearing Requested |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING FORMER VICE PRESIDENT MIKE PENCE

BALLARD SPAHR LLP

Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Chad R. Bowman (#484150)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
bowmanchad@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*

**PRELIMINARY STATEMENT**

In this Application, several news organizations (the "Press Coalition") seek access to court records concerning an extraordinary subpoena requiring former Vice President Mike Pence to testify before a federal grand jury that is investigating his former running mate and current rival for the Republican nomination for the presidency in 2024, former President Donald Trump.

The Government has officially acknowledged this grand jury investigation, and Pence this week spoke out publicly about receiving the subpoena, challenging the subpoena, the Court's ruling compelling his testimony, and his contemplation of a potential appeal of that ruling. Under these circumstances, and especially in light of the historic public interest in these proceedings,[1] there is simply no reason to keep these judicial records secret.

Indeed, the public interest in this aspect of the investigation could not be greater given the conflict between Trump and Pence concerning the January 6 riot at the United States Capitol. The grand jury is investigating the former President for allegedly interfering in the peaceful transfer of power, and as part of that investigation it has sought sworn testimony from the former Vice President, who presided over that process. And according to the House Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee"), Trump "riled up a mob that hunted" Pence on January 6, 2021, *see* H.R. Rep. No. 117-663, at 466, and Pence has stated that Trump "endangered [his] family and everyone at the Capitol that

---

[1] The historic and unprecedented nature of the grand jury investigation into President Trump's handling of classified materials after leaving office was an important part of the basis for the decision of the United States Magistrate Judge to partially unseal the search warrant affidavit and other judicial records relating to the August 8, 2022 search of Trump's Mar-a-Lago residence. *See In re Sealed Search Warrant*, --- F. Supp. 3d ---, 2022 WL 3582450, at *5 (S.D. Fla. Aug. 22, 2022) (noting it "weighs in favor of disclosure" that "unsealing the Affidavit would promote public understanding of historically significant events," and concluding that "given the intense public and historical interest in an unprecedented search of a former President's residence," the Government had not articulated concerns "sufficient to justify sealing").

day." *See* Kaitlan Collins & Aaron Pellish, *Pence says 'history will hold Donald Trump accountable' for January 6*, CNN (Mar. 12, 2023), https://www.cnn.com/2023/03/11/politics/mike-pence-gridiron-dinner/index.html. Furthermore, in resisting the subpoena, Pence tasked this Court with adjudicating weighty constitutional issues, including the Speech or Debate Clause. Forbidding the press and public from seeing for themselves the decision the Court reached and the records the Court relied on thus violates "a fundamental norm of our judicial system: that judges' decisions and their rationales must be available to the public." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 675 (D.C. Cir. 2017) (Garland, J.).

The Press Coalition now seeks to unseal the records Pence himself has publicly discussed: the Government's motion to compel Pence's testimony, any briefing in support or opposition and all exhibits thereto, the transcript(s) of any hearing(s) on that motion, and any opinions or orders the Court issued adjudicating that motion. This request is expressly authorized under Local Criminal Rule 6.1 and the controlling case law of this Circuit, which holds that "when once-secret grand jury material becomes sufficiently widely known, it may lose its character as Rule 6(e) material." *In re Grand Jury Proceedings (Miller)*, 493 F.3d 152, 154 (D.C. Cir. 2007) (cleaned up).

This Court has discretion under Local Criminal Rule 6.1 to unseal the requested records "upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury." L. Crim. R. 6.1. And "where the Rules authorize [courts] to do so, [courts] may – *and should* – release any information so long as it does not reveal the 'identities of witnesses or jurors, the substance of testimony' as well as actual transcripts, 'the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.'" Order at 1,

*In re Grand Jury Subpoena*, No. 18-3071 (D.C. Cir. Apr. 23, 2019) (per curiam) (emphasis added) (quoting *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499-500 (D.C. Cir. 1998)).

Given the profound interest in these judicial records, the extensive public disclosures around this particular subpoena, and the gravity of this dispute, the Press Coalition respectfully requests that the Court unseal all judicial records related to this motion. Narrow redactions can adequately address any concerns the Government may raise about revealing information in these judicial records that are beyond the immediate dispute between Pence and the Government.

## RELEVANT PUBLIC BACKGROUND

### A.  Events Leading Up To The January 6, 2021 Capitol Riot

On November 3, 2020, Joseph R. Biden, Jr. was elected President of the United States. Then-President Trump, however, refused to concede, "claiming that the election was 'rigged' and characterized by 'tremendous voter fraud and irregularities[.]'" *Trump v. Thompson*, 20 F.4th 10, 18-19 (D.C. Cir. 2021) (quoting President Donald J. Trump, *Statement on 2020 Election Results* at 0:34-0:46, 18:11-18:15, C-SPAN (Dec. 2, 2020)). "Over the next several weeks, President Trump and his allies filed a series of lawsuits challenging the results of the election. The courts rejected every one of the substantive claims of voter fraud that was raised." *Id.* (citation omitted). But according to the Select Committee's final report, Trump "disregarded the rulings of the courts and rejected the findings and conclusions and advice from his Justice Department, his campaign experts, and his White House and Cabinet advisors," and instead chose "to try to overturn the election on January 6th and took a series of very specific steps to attempt to achieve that result." H.R. Rep. No. 117-663, at 28.

As the Select Committee wrote, "[a] central element of Donald Trump's plan to overturn the election relied upon Vice President Mike Pence." *Id.* at 29. Thus, "[b]eginning in December, and with greater frequency as January 6th approached, Trump repeatedly and

3

unlawfully pressured Pence in private and public to prevent Congress from counting lawful electoral votes from several States." *Id.* On the morning of January 6th, Trump called Pence and "grew very heated." *Id.* at 35. "Witnesses in the Oval Office during this call told the Select Committee that the President called Vice President Pence a 'wimp,' told him it would be 'a political career killer' to certify the lawful electoral votes electing President Biden, and accused him of 'not [being] tough enough to make the call.'" *Id.* at 36 (alteration in original). Following their call, Trump "edited his speech" for his upcoming address at the White House Ellipse "to insert language to which his lawyers objected – targeting Vice President Pence directly." *Id.*

Later that day, Trump tweeted that "Mike Pence didn't have the courage to do what should have been done to protect our Country and our Constitution, giving States a chance to certify a corrected set of facts, not the fraudulent or inaccurate ones which they were asked to previously certify." *Id.* at 38. The Select Committee found that "[a]lmost immediately thereafter, the crowd around the Capitol surged, and more individuals joined the effort to confront police and break further into the building." *Id.*

By day's end, thousands of rioters had stormed the Capitol in a "blatant and appalling disregard for our institutions of government and the orderly administration of the democratic process." *See* Director Wray's Statement on Violent Activity at the U.S. Capitol Building ("Wray Statement"), FBI (Jan. 7, 2021), https://www.fbi.gov/news/press-releases/director-wrays-statement-on-violent-activity-at-the-us-capitol-building-010721. These events "marked the most significant assault on the Capitol since the War of 1812." *Trump*, 20 F.4th at 18-19. In response, federal law enforcement agencies "deployed [their] full investigative resources . . . to aggressively pursue those involved in criminal activity." *See* Wray Statement. The Government

4

has since charged more than 1,000 defendants with crimes related to the Capitol riot. *See* Capitol Breach Cases, Dep't of Justice, https://www.justice.gov/usao-dc/capitol-breach-cases.

### B.     The Special Counsel's Investigation

On November 18, 2022, U.S. Attorney General Merrick Garland appointed John L. Smith as Special Counsel "to conduct the ongoing investigation into whether any person or entity violated the law in connection with efforts to interfere with the lawful transfer of power following the 2020 presidential election or the certification of the Electoral College vote held on or about January 6, 2021." *See* Off. of the Att'y Gen. Order No. 5559-2022 at 1, *available at* https://www.justice.gov/opa/press-release/file/1552896/download. Attorney General Garland also authorized the Special Counsel to "prosecute federal crimes arising from the investigation of these matters and refer to the appropriate United States Attorney discrete prosecutions that may arise from the Special Counsel's investigation." *Id.* at 2.

In the following months, members of this Press Coalition reported on multiple grand jury subpoenas issued by the Special Counsel in connection with that investigation, including subpoenas to local officials in states where Trump claimed that the election was "rigged." *See, e.g.*, Amy Gardner et al., *Justice Dept. subpoenas Ariz., Mich., Wis. officials in Trump Jan. 6 probe*, Washington Post (Dec. 6, 2022), https://www.washingtonpost.com/politics/2022/12/06/jack-smith-trump-communications-subpoenas/. These subpoenas reflect that the Special Counsel sought "any and all communications in any form to, from, or involving Donald J. Trump for President, Inc. . . . , Donald J. Trump, or any employee or agent of, or attorney for the Trump Campaign." *See* Allan Smith et al., *Special counsel Jack Smith subpoenas local officials in Trump investigation*, NBC News (Dec. 6, 2022), https://www.nbcnews.com/politics/donald-trump/special-counsel-jack-smith-subpoenas-local-officials-trump-investigati-rcna60363.

### C. The Subpoena To Former Vice President Pence

In February 2023, Pence publicly announced that he, too, had received a subpoena from the Special Counsel to provide grand jury testimony. *See* Melissa Quinn & Jonah Kaplan, *Pence confirms he'll resist subpoena from special counsel in Trump probes*, CBS News (Feb. 15, 2023), https://www.cbsnews.com/news/mike-pence-subpoena-challenge-special-counsel-jack-smith-trump-investigation/. Pence stated that he would resist the subpoena, based on the Vice President's role as president of the Senate under the Constitution's Speech or Debate Clause, which, Pence claimed, provides that "the Executive Branch cannot summon officials in the Legislative Branch into a court in any other place." *Id.* The Special Counsel subsequently moved the Court to compel Pence to testify. *See* Michael Kosnar & Rebecca Shabad, *Special counsel investigating Trump asks federal judge to compel Mike Pence to give Jan. 6 testimony*, NBC News (Feb, 24, 2023), https://www.nbcnews.com/politics/justice-department/special-counsel-investigating-trump-asks-federal-judge-compel-pence-te-rcna72252.

On March 28, 2023, in an order that remains under seal, this Court ruled that Pence must testify to a grand jury about conversations he had with Trump leading up to January 6. *See* Katelyn Polantz et al., *Mike Pence must testify about conversations he had with Donald Trump leading up to January 6, judge rules*, CNN (Mar. 28, 2023), https://www.cnn.com/2023/03/28/politics/mike-pence-grand-jury-testimony/index.html. Later that day, Pence appeared for an on-camera interview to comment on the subpoena and the court order directing him to testify. *See* Luca Cacciatore, *Mike Pence to Newsmax: Jan. 6 Probe's Subpoena 'Unconstitutional'*, Newsmax (Mar. 28, 2023), https://www.newsmax.com/newsmax-tv/mike-pence-subpoena-trump/2023/03/28/id/1114166/. Pence stated that the subpoena was "unprecedented," and he "thought it was unconstitutional" on grounds that "the [C]onstitution's Speech and Debate

protections applied to [him] when [he] was serving as president of the Senate on Jan. 6." *Id.* Pence also provided insight into the substance of the Court's ruling, stating he was "pleased that the federal judge really for the first time in history recognized that the Constitution, Speech and Debate provisions do apply to the Vice President." *Id.*

## ARGUMENT

As the grand jury's work progresses, it has become clear that Vice President Pence is a central witness in the criminal investigation of President Trump. Pence's testimony therefore may become a critical factor in the decision of whether to indict Trump, his former two-time running mate and current rival in the race for the White House. Moreover, in resisting testifying, Pence has told the public that he invoked the Speech or Debate Clause of the U.S. Constitution, Article I, Section 6, Clause 1, claiming he is shielded from a subpoena because of the Vice President's role as President of the Senate. It is thus beyond dispute that the public has a powerful interest in understanding Pence's arguments, the Government's arguments, the Court's process in adjudicating this weighty issue, and the decision that the Court ultimately reached.

In these circumstances, federal grand jury secrecy rules do not stand in the way of providing the public with this important information. *Cf. Butterworth v. Smith*, 494 U.S. 624, 630 (1990) ("the invocation of grand jury interests is not some talisman that dissolves all constitutional protections") (internal marks omitted).[2] Because this is a matter ancillary to a

---

[2] In *Butterworth*, the Supreme Court held that a state law prohibiting grand jury witnesses from publicly disclosing the testimony they had provided violates the First Amendment, noting that the Court must balance "First Amendment rights against [the state's] interest in preserving the confidentiality of its grand jury proceedings." 494 U.S. at 630. Here, too, the interest in grand jury secrecy must be balanced against the value of "public access to records of a judicial proceeding," which, "[l]ike the First Amendment . . . produce[s] an informed and enlightened public opinion." *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (Garland, J.) (citations omitted).

grand jury proceeding, the justification for sealing extends only to those discrete portions of the record that would reveal remaining secrets about "matters occurring before the grand jury." The Court therefore can, and should, unseal the requested records with only those redactions essential to protect the information, if any, that still remains secret before the grand jury.

I. **THE COURT HAS DISCRETION UNDER LOCAL RULE 6.1 TO UNSEAL INFORMATION IN ANCILLARY PROCEEDINGS THAT WOULD NOT REVEAL ACTIVITIES "OCCURRING BEFORE THE GRAND JURY"**

Rule 6(e) of the Federal Rules of Criminal Procedure "requires that '[r]ecords, orders, and subpoenas related to grand-jury proceedings . . . be kept under seal' only 'to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury.'" *In re Capitol Breach Grand Jury Investigations*, 339 F.R.D. 1, 7 n.5 (D.D.C. 2021) (Howell, C.J.) (quoting Fed. R. Crim. P. 6(e)(6)) (noting that filings "initially placed under seal" were made public after this Court "direct[ed] the government to explain" its rationale for secrecy and the government provided no such rationale). As such, "judicial proceedings ancillary to a grand jury proceeding, which may include a motion 'to quash a subpoena, or to compel testimony, or to immunize a witness,' as well as the attendant records, shall be shielded from the public *to the extent necessary* to prevent disclosure of matters occurring before a grand jury." *In re Grand Jury Subpoenas*, 2019 U.S. Dist. LEXIS 88421, at *5 (D.D.C. Apr. 1, 2019) (Howell, C.J.) (emphasis added) (citing *Dow Jones*, 142 F.3d at 502; Fed. R. Crim. P. 6(e)(5), (6); L. Crim. R. 6.1). Local Rule 6.1 therefore provides that unsealing may occur when it is no longer necessary to preserve the secrecy of matters before the grand jury. Put differently, where the need for secrecy ends as to the identity of grand jury witnesses or their substantive testimony, the public's right to additional information begins. Rule 6.1 thus "may be implemented by releasing redacted documents." *In re Grand Jury Subpoenas*, 2019 U.S. Dist. LEXIS 88421, at **5, 14 ("At bottom, Local Criminal Rule 6.1 provides the Reporters Committee with access to the briefs

and transcripts, with any matters occurring before the grand jury redacted."); Order, *In re Grand Jury Subpoena*, No. 18-3071 (D.C. Cir. June 7, 2019) (per curiam) ("order[ing] the parties to publicly file the proposed redacted versions of their briefs and the transcript (with certain exceptions)"); *see also Dow Jones*, 142 F.3d at 505 (remanding for consideration of possible redactions).

## II. FORMER CHIEF JUDGE HOWELL'S RECENT RULINGS ON ACCESS TO ANCILLARY RECORDS SUPPORT UNSEALING THESE RECORDS

As the Court is aware, then-Chief Judge Howell recently ruled on two requests by members of the press for access to other judicial records ancillary to grand jury proceedings, specifically records relating to assertions of executive privilege by Trump or his associates, *In re New York Times Co.*, 2023 WL 2185826, and records relating to the Government's motion to hold Trump or his associates in contempt over a grand jury subpoena seeking materials bearing classification markings that Trump retained after leaving the White House, *see* Mem. & Order, *In re CBS Broadcasting Inc.*, No. 22-mc-128 (BAH) (D.D.C. Mar. 11, 2023), ECF No. 6.[3]  Judge Howell denied those requests without prejudice, explaining that "[w]hen grand jury matters have already been disclosed to the public, they are no longer secret and thus may be released," but that in those cases "there has been no equivalent disclosure to the government or a grand jury witness 'proclaim[ing] from the rooftops' about sealed grand jury information" sufficient to justify such a release. *In re New York Times*, 2023 WL 2185826, at *14 (quoting *Dow Jones*, 142 F.3d at 505); Mem. & Order at 3-4, *In re CBS* (news reports on court proceedings ancillary to the grand jury are "insufficient to lift the veil of grand jury secrecy").

---

[3] Applicants have filed a notice of appeal to the D.C. Circuit in the *New York Times* case and a notice of appeal is forthcoming in the *CBS* case as well.

Here, however, Pence *has* effectively shouted "from the rooftops" that (1) he received a subpoena to testify before the grand jury investigating the 2020 election; (2) he objected to testifying based on the Constitution's Speech or Debate Clause; and (3) the Court overruled that objection while "recogniz[ing] that the Constitution, Speech and Debate provisions do apply to the Vice President[,]" and that he is weighing whether to appeal or, instead, testify.  Indeed, just yesterday Pence told reporters that he is "currently talking with [his] counsel about the balance of that decision and determining the way forward, but [he] has nothing to hide."  Brittany Shepherd, *Pence says 'nothing to hide' from grand jury in Trump Jan. 6 probe*, ABC News (Mar. 29, 2023), https://abcnews.go.com/Politics/hide-pence-weighs-appeal-trump-probe-order/story?id=98207379.  Thus, while former Chief Judge Howell's decisions are not binding on this Court, *see Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011), even under their framework these important court records should be released.

### III. THE COURT SHOULD EXERCISE ITS DISCRETION TO UNSEAL JUDICIAL RECORDS THAT DO NOT REVEAL SECRET GRAND JURY INFORMATION

In light of the powerful and justifiable public interest in this dispute between the current Executive Branch and the former Vice President, and the already extensive public disclosures about the subpoena, the public would greatly benefit from understanding the arguments for and against the Government's motion to compel Pence's testimony, this Court's process of adjudicating that motion, and the decision this Court reached.  Release of the requested records, even with the narrow redaction of any Rule 6(e) information that would disclose still-secret details about proceedings before the grand jury, would thus shed much needed light on this ancillary matter and the constitutional issues it raises.  *See, e.g.*, *Meadows v. Pelosi*, --- F. Supp. 3d ---, 2022 U.S. Dist. LEXIS 198129, at *26 (D.D.C. Oct. 31, 2022) (noting the "novel constitutional questions" in a case raising Speech or Debate Clause issues); *United States v.*

10

*Rostenkowski*, 59 F.3d 1291, 1299 (D.C. Cir. 1995) (observing that "[c]ases that implicate the Speech or Debate Clause are . . . rare"). The Press Coalition therefore respectfully requests that the Court enter an order that will facilitate the disclosure of any dockets, court orders or opinions, legal briefing, or argument transcripts ancillary to the grand jury described herein, including such materials litigating the Government's motion to compel Pence's testimony before the grand jury. *See, e.g.*, *In re Grand Jury Subpoena*, 2019 U.S. Dist. LEXIS 88421, at *16.

## CONCLUSION

For all of the foregoing reasons, Press Coalition respectfully requests that this Court grant the application and unseal redacted public versions of the materials ancillary to grand jury proceedings described herein.

Dated: March 30, 2023

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Chad R. Bowman (#484150)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
bowmanchad@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March 2023, I caused true and correct copies of the foregoing to be served by email and U.S. Mail First Class on the following:

| | |
|---|---|
| Emmet T. Flood<br>Williams & Connolly LLP<br>680 Maine Avenue SW<br>Washington, DC 20024<br>eflood@wc.com | Thomas Windom<br>Assistant U.S. Attorney<br>601 D Street NW<br>Washington, DC 20530<br>thomas.windom@usdoj.gov |
| *Attorneys for Mike Pence* | *Attorneys for the United States of America* |

/s/ *Charles D. Tobin*
Charles D. Tobin