UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE GRAND JURY SUBPOENA ) <br> GJ [REDACTED] ) <br> ) <br> ) <br> ) <br> ) | CASE NO. [REDACTED] <br><br> UNDER SEAL <br><br> GRAND JURY [REDACTED] |

### FORMER VICE PRESIDENT MICHAEL R. PENCE'S MOTION TO QUASH SUBPOENA

Pursuant to Article I of the Constitution of the United States, Fed. R. Crim. P. (6) and 17(c)(2), former Vice President Mike Pence, through undersigned counsel, respectfully moves the Court to rule (i) that former Vice President Pence's role as President of the Senate on January 6, 2021 afforded him the protection of the Speech or Debate Clause; (ii) that his actions in preparation for that day are likewise protected by the Clause; and, accordingly, (iii) that the grand jury subpoena is quashed to the extent it seeks testimony [REDACTED] relating to his legislative acts performed in that role. The grounds for this motion are set forth in the accompanying memorandum of points and authorities. Oral argument is requested.

DATED: March 3, 2023                Respectfully submitted,

/s/ Emmet T. Flood
Emmet T. Flood (D.C. Bar. No. 448110)
Richard S. Cleary, Jr. (D.C. Bar No. 104834)
Haylee Bernal Anderson (D.C. Bar No. 1765323)

WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, D.C. 20024
(202) 434-5000
eflood@wc.com
rcleary@wc.com
handerson@wc.com

*Attorneys for Former Vice President Michael R. Pence*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE GRAND JURY SUBPOENA GJ▓▓▓▓▓▓▓▓▓▓ | ) ) ) ) ) ) ) | CASE NO. ▓▓▓ UNDER SEAL GRAND JURY ▓▓ |

FORMER VICE PRESIDENT MICHAEL R. PENCE'S MEMORANDUM ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Pursuant to Article I of the Constitution of the United States and Rules 6 and 17(c) of the Federal Rules of Criminal Procedure, former Vice President Mike Pence respectfully moves the Court to quash the grand jury subpoena issued to him ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ to the extent the subpoena seeks testimony ▓▓▓▓▓▓▓ from him relating to legislative acts he performed (i) in his role as President of the Senate on January 6, 2021, and (ii) in his preparation for the Joint Session of Congress held on that date.

As the Department of Justice itself has argued, Article I of the Constitution provides that the former Vice President "shall not be questioned in any other Place" concerning activities relating to his role as President of the Senate on January 6, 2021. U.S. Const. art. 1, § 6, cl.1. That Speech-or-Debate protection is absolute and unqualified. It forbids the Executive and Judicial Branches from compelling the former Vice President to testify about ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓ his exercise of the constitutional and statutory powers conferred by the Constitution's Article I and Twelfth Amendment and by the Electoral Count Act, 3 U.S.C. § 15. Because many (if not all) of the topics as to which the Office of Special Counsel's subpoena seeks testimony implicate this absolute immunity, former Vice President Pence respectfully requests an order from this Court quashing the grand jury's subpoena ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

to the extent that the subpoena encroaches upon his activities protected by the Speech or Debate Clause.

## PROCEDURAL HISTORY



## BACKGROUND

Mike Pence served as the Vice President of the United States from January 20, 2017 to January 20, 2021. As Vice President, he was President of the Senate. *See* U.S. Const. art. I, § 3. In that capacity, he presided over the legislative proceeding at which Electoral College ballots cast in the 2020 presidential election were received and counted. *See* U.S. Const. amend. 12; 3 U.S.C. § 15. On January 6 and 7, 2021, the United States Congress held a joint session of the Congress to count electoral ballots. As is well known, hundreds of rioters entered the Capitol during that legislative proceeding and disrupted the electoral vote count.

On November 18, 2022, President Joseph R. Biden appointed Special Counsel Jack Smith to investigate "whether any person or entity unlawfully interfered with the transfer of power following the 2020 presidential election or the certification of the Electoral College vote held on or about January 6, 2021." Press Release, Department of Justice, Appointment of Special Counsel (November 18, 2022), https://www.justice.gov/opa/pr/appointment-special-counsel-0. ▮ ▮▮▮▮▮ OSC served a grand jury subpoena on the former Vice President, commanding him to appear as a witness before a federal grand jury ▮▮▮▮▮▮. ▮ See ▮▮▮▮▮▮▮. Although the subpoena itself does not identity the topics on which the OSC seeks testimony, the OSC's ▮▮▮▮ identifies ▮▮▮ topics. ▮▮▮ ▮▮▮▮▮ Fairly read, every one of those topics *may* seek protected information, and a number of them *certainly* do so. See *id.* at 2. ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮

Former Vice President Pence has openly discussed former President Trump's effort to have him reject electoral votes from the 2020 election. He has shared his account of January 6, 2021 in a book and in various interviews. His position in this litigation is therefore not driven by a desire to preserve confidences or protect secrets. He is not reluctant to answer questions about events relating to his legislative role in the January 6 proceedings. But he is not willing to do so under compulsion or the threat of compulsion. Indeed, he believes that the Constitution requires him *not* to do so unless ordered by a court of final appeal. And he believes that a federal court, when acting consistently with the Constitution, lacks power to order his grand jury testimony on many (if not all) of the identified topics, most obviously his ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. After all, one of the two purposes of the Speech or Debate Clause identified by Justice Harlan in his canonical opinion discussing the Clause's history was to "prevent [legislators'] . . . accountability before a possibly hostile judiciary." *United States v. Johnson*, 383 U.S. 169, 180-81 (1966). That protection extends to the President of the Senate who in this case acted in a constitutionally created legislative role. Were former Vice President Pence to accede to this subpoena without objection, he would contribute to the erosion of an important separation-of-powers principle and he would set a dangerous precedent for future Vice Presidents, and perhaps for Senate presidents *pro tempore* and others who perform legislative tasks.

## ARGUMENT

A court "may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The grand jury's charge is to investigate whether a crime has been committed. *U.S. v. R. Enters., Inc.*, 498 U.S. 292, 297 (1991). But "the grand jury's subpoena power is not unlimited," *U.S. v. Calandra*, 414 U.S. 338, 346 (1974), and is "subject to 'except[ion] for those persons protected by a constitutional, common-law, or statutory privilege,'" *In re Grand Jury*, 475 F.3d 1299, 1304 (D.C. Cir. 2007) (alteration in original) (citation omitted). And it is clear that a subpoena may be quashed if it cannot withstand constitutional scrutiny. *See Calandra*, 414 U.S. at 346; *In re Grand Jury, John Doe No G.J. 2005-2*, 478 F.3d 581, 585 (4th Cir. 2007) ("Rule 17(c) offers a vehicle for a subpoenaed party to assert a constitutional, statutory, or common-law privilege."). Here, the OSC's subpoena, by its scope, would compel former Vice President Pence to testify ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ about conduct arising from the legislative sphere—something forbidden by the Constitution, and therefore inherently unreasonable.

I. **The U.S. Constitution's Speech or Debate Clause Prohibits Compelled Disclosure of Information Concerning Former Vice President Pence's Legislative Acts.**

The OSC's attempt to compel former Vice President Pence to testify ████████ ████ is barred by the Speech or Debate Clause of the United States Constitution. As recently as last year and in a number of prior instances, both the Department of Justice and the U.S. Senate have argued that the former Vice President is "absolute[ly] immune" for "all claims arising out of [his] conduct in the legislative sphere," particularly his "accepting the electoral college votes during *one of the most important functions of Congress*." United States' Mot. to Dismiss at 11-12 ("*Brunson* Mot."), *Brunson v. Adams*, 2022 WL 316718 (D. Utah Jan. 6, 2022) (No. 21-00111) (emphasis added); Vice President Michael R. Pence's Response Mot. at 4 n.1, 5-6, *Gohmert v. Pence*, 510 F. Supp. 3d 435 (E.D. Tex. 2021) (No. 6:20-660); *see also* Executive and Senate Defs.' Mot. to Dismiss at 10-13 & n.11, *Castañon v. U.S.*, 444 F. Supp. 3d 118 (D.D.C. 2020) (No. 18-02545). The Senate similarly took the position that then-Vice President Joseph R. Biden was immune from compulsion concerning his "activities . . . in his role as President of the Senate." Senate Defs.' Mot. to Dismiss at 18-21, *Common Cause v. Biden*, 909 F. Supp. 2d 9 (D.D.C. 2012) (No. 12-00775); *see also* Senate Defs.' Opp'n to Pet. for Writ of Cert., *Common Cause v. Biden*, 574 U.S. 975 (2014) (No. 14-253).

The Supreme Court has extended the Clause's protection not only to elected legislators but also to persons, such as legislative aides, who carry out legislative work. *See Gravel v. U.S.*, 408 U.S. 606, 616-18 (1972). It covers persons acting within the legitimate legislative sphere, including staff serving individual members, committee staffers, the House clerk, staff directors, counsel, consultants, and investigators. *See Rangel v. Boehner*, 785 F.3d 19, 25 (D.C. Cir. 2015) (collecting cases). What these covered persons have in common is likewise true of former Vice

President Pence in this case: all were carrying out legislative functions and all therefore obtained the protection of the Clause.

The Speech or Debate Clause provides that "for any Speech or Debate in either House," Senators and Representatives "shall not be questioned in any other Place." U.S. Const. art. 1, § 6, cl.1. As the Supreme Court has held and as the Department of Justice has emphasized, the Clause's protection is absolute. *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975); *U.S. v. Rayburn Office House Building Room 2113*, 497 F.3d 654, 660 (D.C. Cir. 2007) ("The bar on compelled disclosure is absolute . . . ."); *see Brunson* Mot. to Dismiss at 11. And it is jurisdictional. The Speech or Debate Clause relieves protected officials "from the burden of defending themselves," *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967), and thus "operates . . . as a jurisdictional bar depriving the courts of power to hear the suit," *Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 13 (D.C. Cir. 2006). This immunity extends to the production of written materials as well. *Rayburn*, 497 F.3d at 660-64.

Congress designed the Clause "to assure a co-equal branch of the government wide freedom of speech, debate, and deliberation without intimidation or threats from the Executive Branch," *Gravel*, 408 U.S. at 616, and "to protect the integrity of the legislative process," *United States v. Brewster*, 408 U.S. 501, 507 (1972). The Clause also serves the function of "reinforcing the separation of powers so deliberately established by the Founders." *Eastland*, 421 U.S. at 502. "Without exception," the Supreme Court "ha[s] read the Speech or Debate Clause broadly to effectuate its purposes." *Id.*; *Rangel*, 785 F.3d at 23 (same); *see also Brunson* Mot. to Dismiss at 11. The Speech or Debate Clause precludes the Executive Branch from compelling a person to testify about that person's "legislative acts," *Gravel*, 408 U.S. at 616, and "even . . . potential wrongdoing by third parties" before a grand jury, *Brown & Williamson Tobacco Corp. v. Williams*,

6

62 F.3d 408, 419 (D.C. Cir. 1995) (citing *Gravel*, 408 U.S. at 616-22); *see also Rangel*, 785 F.3d at 23 ("[A]lthough the Clause speaks of 'Speech or Debate,' it extends further to all 'legislative acts.'" (quoting *Doe v. McMillan*, 412 U.S. 306, 312 (1973))).

To be sure, not everything a legislator may do is covered by the Clause. It does not protect "activities that are casually or incidentally related to legislative affairs but not a part of the legislative process itself." *Brewster*, 408 U.S. at 528. Or activities having merely "some nexus to legislative functions." *Fields*, 459 F. 3d at 10-11. But where, as here, the activities are "an integral part of the deliberative and communicative processes by which Members participate ... with respect to ... matters which the Constitution places within the jurisdiction of either House," *Gravel*, 408 U.S. at 625, they are protected. *See also Brunson* Mot. to Dismiss at 11-12. Under this standard, tasks such as communicating with others in advance of and in preparation for legislative proceedings are protected—including communications with persons outside the legislative branch concerning legislative activity. *See MINPECO, S.A. v. Conticommodity Services*, 844 F.2d 856, 861-62 (D.C. Cir. 1988) (clause protects preparation of statement for publication in subcommittee report); *Schilling v. Speaker of the House of Representatives*, 1:22-cv-162, 2022 WL 4745988, at *7-8 (D.D.C. Oct. 3, 2022) (clause protects records of conversations between members of Congress (and a committee aide) that also include private parties and state officials in preparation for a hearing); *Jewish War Veterans v. Gates*, 506 F. Supp. 2d 30, 57 (D.D.C. 2017) (clause protects collection of information "beyond the formal investigative setting," including legislators' contacts with members of the public); *Rangel v. Boehner*, 20 F. Supp. 3d 148, 179 (D.D.C. 2013), *aff'd*, 785 F.3d 19 (D.C. Cir. 2015) (clause protects receipt of information by a Member in preparation for a hearing).

## II. The Court Should Quash the Grand Jury Subpoena ███████████████.

Because the Department of Justice seeks former Vice President Pence's testimony before a federal grand jury, there can be no dispute that he would be questioned in some "other Place." And the information sought in the subpoena relates directly to Vice President Pence's performance of an express Article I legislative role. All of former Vice President Pence's acts arising from the legislative sphere are therefore shielded from compelled disclosure. *See Brunson* Motion to Dismiss at 11-12. A number of the topics ████████████████████████████ ███████████ seek information covered by the Speech or Debate Clause. *See* Ex. 1. Given the breadth of █████████ other topics, they too may implicate the Clause, depending on the lines of examination OSC intends to pursue.

To the extent the testimony ████████ sought from former Vice President Pence are not covered by the Speech or Debate Clause, he does not oppose responding to them at an appropriate juncture. But in view of the absolute immunity conferred by the Clause, and the jurisdictional consequences flowing from that immunity, as well as the need for a definitive ruling on the application and scope of the Clause's protection, he respectfully submits that any questioning ██████████████ falling outside the protection of the Clause should not proceed until there has first been definitive judicial guidance on the application and scope of the Clause's protection. *See Calandra*, 414 U.S. at 346 ("Judicial supervision is properly exercised in such cases to prevent the wrong before it occurs.").

The nature of Article I's Senate-presiding function, especially when read in the light of Supreme Court precedent, provides a firm basis for concluding that a Vice President is insulated from being "questioned in any other Place" about acts within the legislative sphere under the Speech or Debate Clause. The Supreme Court's reasoning in *Gravel v. United States* is instructive. 408 U.S. at 606. In *Gravel*, a grand jury subpoenaed testimony from a congressional aide to

8

Senator Mike Gravel in connection with suspected federal-law violations arising from the leak of the Pentagon Papers. *Id.* at 608. Refusing to permit grand jury access to the congressional staffer, the Supreme Court held that the Speech or Debate Clause applied both to the Senator as a Member of Congress *and* to a member of his staff assisting the Senator in the performance of legislative acts. *Id.* at 621-22, 628. Despite the fact that legislative staffers are not mentioned in the Clause's text, the Court took a functional approach when assessing the application of the Speech or Debate Clause to them. *Id.* at 616-18; *see also Hutchinson v. Proxmire*, 443 U.S. 111, 124 (1979) ("[T]he Court has given the Clause a practical rather than a strictly literal reading . . . .").

It is incontestable that former Vice President Pence's role in the events of January 6, 2021 involved performing an Article I and Twelfth Amendment constitutional function (as well as statutory duties pursuant to the Electoral Count Act, 3 U.S.C. § 15). He quite obviously "participate[d] . . . with respect to [a] matter[] the Constitution places within the jurisdiction of either House." *Gravel*, 408 U.S. at 625. Article I, section 3, expressly says that "the Vice President of the United States shall be President of the Senate." And although the Vice President is not a "Senator[] or Representative[]," art. I, § 1, cl. 1, he was the President *of the Senate* and he held an office "attached by the Constitution to the [Legislative Branch]." *Participation of the Vice President in the Affairs of the Executive Branch*, 1 Op. O.L.C. Supp. 214, 222 (1961). Although the Vice President also has a constitutional role under the 25th Amendment, Vice President Pence was performing a constitutionally mandated legislative function on January 6, and the Supreme Court has repeatedly "recognized that officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998).

9

If the Constitution's Speech or Debate Clause protects legislative staffers (both personal and for committees), as well as the committee clerks, counsel, investigators and other legislative staff from questioning about covered legislative acts (none are Senators or Representatives and all lack *any* Constitutional status), *see Gravel*, 408 U.S. at 616-17; *Rangel*, 785 F.3d at 25, the Clause surely protects a Vice President, whose legislative role is an express creation of Article I and whose legislative functions on January 6 were mandated both by the Twelfth Amendment and the Electoral Count Act. Neither the Department of Justice nor the Senate appears ever before to have disputed this position. *See Brunson* Mot. to Dismiss at 11-12; Executive and Senate Defs.' Mot. to Dismiss at 10-13 & n.11.

Nor can it be credibly said that former Vice President Pence's actions in preparation for, and his actions taken on, January 6 were tangential, or only "casually or incidentally related" to his January 6 legislative duties. *Brewster*, 408 U.S. at 528. His preparation for the Joint Session was just that—preparation for a legislative session required by the Constitution and a federal statute. The OSC's ███████ targets those legislative duties, ███████████████ and the Speech or Debate Clause protects the very activities targeted: preparation for and performance of constitutionally authorized, January 6-related, legislative functions. *See Rangel*, 20 F. Supp. 3d at 179 ("The receipt of information in preparation for [legislative] proceedings . . . is a protected legislative act."); *see also Jewish War Veterans*, 506 F. Supp. 2d at 37, 57 (clause protects legislators' contacts with members of the public including lobbyists if contacts are in aid of legislative acts); *Schilling*, 2022 WL 4745988, at *8 (D.D.C. Oct. 3, 2022) ("[S]urely preparation for a hearing is 'an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings.'" (quoting *Gravel*, 408 U.S. at 625)). Former Vice President Pence was not performing constituent services, or acting in furtherance of

10

his reelection, or performing any other non-protected act. *See Brewster*, 408 U.S. at 512-13. His preparation for the Joint Session did not involve his lobbying the Executive Branch or third parties, or "cajol[ing]" or "exhort[ing]" any person. *See Gravel*, 408 U.S. at 625. If, as the D.C. Circuit has held, the Clause "protects staff members' preparations for legislative activities," *Howard v. Office of the Chief Administrator*, 720 F.3d 939, 946 (D.C. Cir. 2013) (citing *Gravel*, 408 U.S. at 628-29), it surely protects the Vice President's preparations for the Joint Session.

Indeed, the U.S. District Court for the District of Columbia has agreed, albeit in dicta, that the Vice President's duties under Article I are protected legislative acts. *See Trump v. Thompson*, 590 F. Supp. 3d 46, 78 (D.D.C. 2022) ("Here, the Vice President, acting as President of the Senate, and members of Congress had constitutionally and statutorily prescribed duties to carry out the Certification. *Their actions are those of a co-equal branch*, not subject to Executive Branch control." (emphasis added) (dicta)); *see also Common Cause v. Biden*, 748 F.3d 1280, 1284 & n.4 (D.D.C. 2014) ("When 'the Vice President is fulfilling his duties under Article I to preside over the Senate and break ties,' he might 'be considered part of the legislative branch and fall within the ambit of the Speech or Debate Clause.'" (quoting Roy E. Brownell II, *Vice Presidential Secrecy: A Study in Comparative Constitutional Privilege and Historical Development*, 84 ST. JOHN'S L. REV. 423, 579 (2010) (dicta))). Former Vice President Pence urges this Court to hold what other federal courts have already said in dicta and, as we have seen, what the Justice Department has repeatedly asserted in its litigating positions: that the Vice President is protected by the Speech or Debate Clause.

## CONCLUSION

Vice President Pence is absolutely immune from questioning about his role as President of the Senate on January 6, 2021 and questioning on that topic is therefore jurisdictionally barred. For the reasons stated above, we respectfully ask the Court to rule (i) that former Vice President

11

Pence's role as President of the Senate on January 6, 2021 afforded him the protection of the Speech or Debate Clause; (ii) that his actions in preparation for that day are likewise protected by the Clause; and, accordingly, (iii) that the grand jury subpoena is quashed ████ ████████████████ to the extent the subpoena seeks testimony ████████ relating to his legislative acts performed in that role.

DATED: March 3, 2023

Respectfully submitted,

/s/ Emmet T. Flood
Emmet T. Flood (D.C. Bar. No. 448110)
Richard S. Cleary, Jr. (D.C. Bar No. 104834)
Haylee Bernal Anderson (D.C. Bar No. 1765323)

WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
eflood@wc.com
rcleary@wc.com
handerson@wc.com

*Attorneys for Former Vice President Michael R. Pence*